IN THE UNITED DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

STATE FARM MUTUAL AUTOMOBILE      CASE NO: 6:22-CV-00192-PGB-GJK
INSURANCE COMPANY, and STATE
FARM FIRE AND CASUALTY COMPANY,

       Plaintiff,

v.

RONALD JACK TRAVIS UTTER, D.C., NO UTTER WAY, INC. (formerly d/b/a Ocoee Chiropractic & Injury Center and now d/b/a Preferred Injury Physicians of Orlando), HALIFAX CHIROPRACTIC & INJURY CLINIC, INC., PREFERRED INJURY PHYSICIANS OF BRANDON INC., PREFERRED INJURY PHYSICIANS OF KISSIMMEE, INC., PREFERRED INJURY PHYSICIANS OF ORANGE CITY INC. (now d/b/a Preferred Injury Physicians of Deltona), PREFERRED INJURY PHYSICIANS OF TOWN & COUNTRY INC. (now d/b/a Preferred Injury Physicians of Tampa), PREFERRED INJURY PHYSICIANS OF WESLEY CHAPEL, INC., and PREFERRED INJURY PHYSICIANS OF EAST ORLANDO, INC.,

       Defendants.

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendants, by and through the undersigned counsel deny each and every allegation, statement, matter and thing contained in Plaintiffs' Complaint except as is hereinafter expressly admitted or alleged.

### I. Nature of the Action

1. Denied in total.

2. Denied in total, including all subparts: (a), (b), (c), (d), (e), (f), (g).

3. Denied in total.

4. Denied in total, including Exhibits A and B.

5. Denied in total.

6. Denied in total.

7. It is admitted that both Plaintiffs attempted to assert said claims herein.

## II. Jurisdiction and Venue

8. Admitted.

9. Admitted.

## III. The Parties

10. These Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

## IV. Allegations Common to All Counts

### A. Florida's Personal Injury Protection/Non-Fault Insurance Payment Statutes

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied as worded.

27. Admitted.

28. Denied as worded.

29. Denied as Plaintiff failed to attach the subject policies and Defendants are therefore without sufficient knowledge.

30. Denied.

### B. Pertinent Law Governing Fraudulent Claim Submissions in Florida

31. Denied as worded.

32. Admitted.

### C. Florida's Insurance Fraud Statute, Fla. Stat. $817.234

33. Denied.

34. Admitted that Plaintiffs have correctly quoted the Statute.

35. Admitted.

36. Denied.

### D. The Legitimate Treatment of Patients with Sprains and Strains

37. Admitted.

38. Denied.

39. Denied as stated.

40. Admitted.

41. Admitted as to all except Massages, as none of the Defendants offer said service therefore denies as unknown.

42. Denied as worded.

43. Denied as worded.

44. Denied as worded.

45. Denied as worded.

46. Denied.

47. Denied as worded.

48. Denied.

49. Denied in total.

50. Denied.

### E. The Legitimate Billing of Chiropractic and Therapeutic Services

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Denied in total.

57. Denied.

### F. Overview of Defendants' Fraudulent Scheme

#### 1. The Defendant Clinics Cater to Personal Injury Claims

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied as Defendants' intent and admitted as to offering transportation.

64. Denied.

65. Denied in total.

### 2. Securing Favorable Rubber Stamp EMC Determinations to Maximize PIP Benefits

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Unknown, therefore denied.

76. Denied.

77. Denied.

### 3. Final Reports Generated to Bolster Bodily Injury Claims

78. Denied.

### G. The Operation of the Defendant Clinics in Violation of Florida Law After Dr. Utter's License was Restricted

79. Admitted.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied as worded.

85. Denied.

86. Denied.

87. Admitted.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied. Not a medical director.

93. Denied.

94. Denied.

### H. Defendants' Fraudulent Evaluations and Treatment

95. Denied.

96. Denied.

### 1. Defendants' Fraudulent Initial Examinations

97. Denied.

98. Denied a in total.

99. Denied in total.

100. Denied.

101. Denied in total.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied as to all three pages of allegations.

110. Denied in total.

111. Denied.

112. Denied.

### 2. Fraudulent Billing for Ultrasound Services

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied in total.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

### 3. Defendants' Fraudulent or "Knowingly" False or Misleading Billing of Chiropractic Manipulation (CPT Codes 98940 and 98941) Together with Manual Therapy (CPT Code 97140 and/or Mechanical Traction (CPT Code 97012)

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied in full.

130. Denied.

131. Denied.

### 4. Defendants' Fraudulent "Health and Behavior Assessments"

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

### 5. Predetermined Treatment Protocol

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied in total.

148. Denied.

### 6. DME

149. Denied.

150. Denied.

151. Denied.

152. Denied in full.

153. Denied in total.

154. Denied in total.

155. Denied.

### 7. Coverage is Exploited

156. Denied.

157. Denied.

158. Denied.

### I. Plaintiff's Justifiable Reliance

159. Denied.

160. Denied.

161. Denied.

162. Denied.

## COUNT I
## COMMON LAW FRAUD
## PLSAINTIFF V. ALL DEFENDANTS

163. Defendants readopt and reallege its responses to paragraphs 1 through 162 as if fully set forth herein.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

## COUNT II
## FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## PLAINTIFF V. ALL DEFENDANTS

171. Defendants readopt and reallege its responses to paragraphs 1 through 170 as if fully set forth herein.

172. Denied.

173. a. denied.
   b. denied.
   c. denied.
   d. denied.
   e. denied.

  f. denied.

  g. denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

## COUNT III
## UNJUST ENRICHMANT
## PLAINTIFF V. ALL DEFENDANTS

182. Defendants readopt and reallege its responses to paragraphs 1 through 181 as if fully set forth herein.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

## COUNT IV
## DECLARATORY JUDGMENT
## PLAINTIFF V. ALL DEFENDANTS

191.  Defendants readopt and reallege its responses to paragraphs 1 through 190 as if fully set forth herein.

192.  Denied.

193.  Denied.

194.  Denied.

195.  Any and all allegations not specifically admitted herein, are denied.

196.  Defendants seek fees and costs plus nay other relief available to Defendants in this matter.

197.  Defendants demand a jury trial on Counts I – III and a bench trial on Count IV.

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses and expressly reserve the right to revise, amend, and/or supplement these Affirmative Defenses with leave of Court or agreement of counsel, as discovery or the facts warrant:

1. For their first affirmative defense, Defendants would state that both Plaintiffs lack proper standing to bring this matter, in this fashion. All payments by Plaintiffs were on behalf of their insureds. The insured is the only person able to challenge these issues, at this time, because each insured's paid State Farm a premium. Any benefits paid by Plaintiffs to Defendants would have been on behalf of a State Farm insured, and they are the real party in interest.
2. Both Plaintiffs have failed to name indispensable parties, i.e. each insured who they bring this claim on behalf of.
3. Both Plaintiffs have waived any right to recovery for the claims asserted as State Farm had its opportunity to review, deny all said bills through the mandatory PIP

    process. By failing to deny, Plaintiffs should be barred due to the doctrine of waiver.

4. Plaintiffs' claims are likewise barred by the Doctrine of Latches. Especially by claim regarding Dr. Utter's license as this has been public record and this is not a situation like the claim for Predetermined Protocols, where patterns of acts are required. See page 5 of the Amended Complaint.

5. Plaintiffs are exerting unjust and unfair pressure on Defendants by making huge demands, with the threat of a lawsuit. Basically, coercing Defendants to fold/settle pay, due to unfair playfield and extreme duress by Plaintiffs.

6. Plaintiffs' Amended Complaint is a mere cookie cutter allegation, see all other suits filed by State Farm, they all claim the same which cannot be possible, and it therefore fails to state a cause of action upon which relief can be granted against these individual claims.

7. Plaintiffs fail to include ultimate facts to support their numerous legal conclusions.

8. Plaintiffs are proceeding in this matter in bad faith as they know that Dr. Utter is allowed to own these clinics, but as a mere threat of coercion they claim, he cannot own the clinics, despite Department of Health Authority to the contrary, also causing undue duress.

9. Plaintiffs' action should be stayed or dismissed until such time that State Farm provides sufficient facts showing that their insureds, the real party of interest, have been reimbursed monies, had credits put into their pip payout or otherwise ensured that the real party in interest is protected in any prior case and Defendants in good faith claim Plaintiff will do the same, if awarded any monetary relief and if true, they are not entitled to the relief sought as the damages claimed are from their insured and not State Farm.

10. Plaintiffs cannot eat the cake and have it too. State Farm receives premiums from their insureds. State Farm then pays claims on behalf of the insureds. Any monies recovered must go to the insureds and Defendants contend they have not done so in any other cases nor do they intend to do so in this case and continue with such conduct herein.

11. If Plaintiffs are not crediting the insureds then their conduct is illegal and should not be allowed. They essentially are stealing from their own insureds by accepting

payouts and now bring countless claims of this matter as State Farm was not damaged by the alleged conduct.

12. Many of the claims asserted, have already been tried in pip suits and in this event the claim is barred by Res Judicata.

13. Plaintiffs' claims are barred by Collateral Estoppel due to Florida's Mandatory Pip Statute  - for the same reasons stated in paragraph 12 above.

14. Plaintiffs have failed to meet all conditions precedent to this action by, including but not limited to, obtaining the consent of Plaintiff's insureds to bring this action on their behalf.

15. Plaintiffs' failure to pay pip benefits to the Defendants' clinics for any recent submissions would constitute a breach of their insureds contract and it causes Defendants to have a good faith belief of an anticipatory breach and therefore:

    a.   They do not have clean hands to request equitable relief of any kind herein;

    b.   Should not be permitted to assert their claims while actively breaching the contract that serves as basis for their claims.

16. Plaintiffs fail to attach the applications including policy and/or policies that they claim said cause of action are based on and therefore fail to state a proper cause of action upon which relief can be granted.

17. Defendants have not committed any fraudulent activity and deny claims of fraud as Plaintiffs fail to establish sufficient facts to support their claim.

18. Defendants would assert its Affirmative Defense that Plaintiffs'' claims, in whole or in part, are barred by the economic loss rule.

19. Next, on all claims paid by State Farm following submission, demand or suit are based upon accord and satisfaction.

20. Plaintiffs' conduct of leaking – provided local news outlets of this lawsuit, even before Complaint was filed, causing and/or contributing to devastating damage to Defendants and should be barred from seeking the relief sought due to Doctrine of Unclean Hands.

21. Defendants have accepted and utilized benefits paid to them and due to Plaintiffs' extensive delay, Plaintiffs should be barred from seeking relief sought by Equitable Estoppel.

22. Plaintiffs further lack standing to assert their claims as any and all relief would be available to Plaintiffs under Florida's No-Fault Law.

23. Plaintiffs paid the subject claims voluntarily and cannot now seek relief sought due to their prior Voluntary Agreement.
24. Plaintiffs clearly have failed to mitigate their damages by knowingly paying claims, when they were seeking remedies under Florida Pip or No-Fault Law as the proper forum to seek the relief sought. By failing to do so, they have allowed their damages claimed to continue to build.
25. Any claim seeking damages for conduct before the applicable statute of limitations should be barred in whole or in part due to their failure to comply with applicable statute of limitations.
26. Plaintiffs' claims should be preempted by their failure to seek recovery in Florida's administrative and/or judicial courts, based on the Florida Law, upon which these claims are based.
27. To the extent, Plaintiffs alleged damages were caused in whole or in part by Plaintiffs own actions or inactions, Plaintiff's claims should be barred.
28. Plaintiffs have waived any claims stated herein by failing to afford itself or the remedies available by Florida's No-Fault Statute and fail to object, deny, investigate, seek a B6 request, claims should be denied or barred accordingly.
29. To the extent Plaintiffs have voluntarily made all payments herein without availing itself of the remedies available in Florida No Fault Law, allowing the process to vest with their insureds or the assignees or the insureds' benefits would cause unproperly, unlawfully impairment of vested property rights.
30. Plaintiffs' claims violates Fla. Statutes as they are not pursuing the named insureds for their lost wage payments in these cases and it leaves out these indispensable parties as it also reflects on pip benefits.
31. Any claims for punitive damages would be in violation of Florida and The U.S. Constitution and its citizens' right to due process.
32. Plaintiffs' continued payments of Defendants' claims bars these actions due to Plaintiff's repeated ratifications of their own conduct.
33. Plaintiffs' claims of Fraud are barred by Defendants' advice of counsel.
34. If any claims exist, such claims belong to the insured on whose behalf, State Farm made payments pursuant to assignments of benefits executed by the insured. Accordingly, State Farm lacks standing and this Court therefore lacks subject matter jurisdiction over this action.

35. State Farm did not suffer any "actual damages" within the meaning of the Florida Unfair and Deceptive Trade Practices Act ("FDUPTA") which is an essential element of a claim under FDUPTA. State Farm would have been required to expend the same amount of monies for diagnosis and/or treatment of its insured had the insured not sought treatment or medical services.

36. The Amended Complaint, to the extent it seeks exemplary, punitive, or treble damages, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendment of the United State Constitution in contravention of State Farm Mu. Automobile Inc. Co. v. Campbell, et al., 538 U.S. 408 (2003), and therefore fails to state a claim for relief upon which exemplary, punitive, or treble damages may be awarded. Any punitive damages award would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

37. To the extent that State Farm is unable to prove its common law or statutory claims, Defendants state that any attempted recovery for violation of Chapter 400, Chapter 408 or Chapter 627 is barred because there is no private right of enforcement or civil cause of action for violation of said Chapters.

38. Plaintiffs' claim that Dr. Utter unlawfully owned his clinics should be barred and stricken form Plaintiffs' Complaint, also subjecting it to dismissal for failure to state cause of action, by using Exhibits that clearly are 100% inconsistent with Plaintiffs' allegations.

39. This Honorable Court lacks subject matter jurisdiction regarding any issues with respect to Dr. Utter's license, as such power rests with Florida's Board of Chiropractic Medicine and Florida's Department of Health.

40. Plaintiffs lack medical degrees to make Plaintiff's countless medical conclusions, to which are made in bad faith and with the sole intent to create undue duress by Plaintiffs.

41. Allowing recovery on State Farm's unjust enrichment claim would result in a windfall for State Farm by keeping payments and any amounts recovered, which do not belong to State Farm, but its insureds.

42. Further these Defendants would state that the Plaintiffs have failed to state facts sufficient to constitute causes of action against these Defendants and, therefore

they should be dismissed, in whole or in part pursuant to Rule12(b)(6) of the General Rules of Civil Procedures.

43. Plaintiffs' claim fails to state ultimate facts. Plaintiff should be required to plead in detail, each and every service that State Farm claims, by listing the patient's policy number, date of service, amount received, what amount is paid, the explanation of benefits for each and the specific and detailed basis for such claims as required in Plaintiff' claims, especially those based on alleged fraud.

44. State Farm lacks standing to seek Declaratory Relief without either obtaining written consent of each insureds whose claims they have paid as they received the benefit of the bargain and without their direct allegations by each and every patient:

   a) Violates Defendants' due process
   b) Fails to meet conditions precedent
   c) Fails to meet conditions subsequent
   d) Fails lack of standing
   e) Violates Defendants' Equitable Distribution by not seeking reimbursement from their insureds who were paid directly for mileage and lost wages along with any other payments under Plaintiffs' Policy and Florida's No-Fault Statute.

45. All payments at issue were made voluntarily by State Farm and accepted in good faith.

46. Plaintiff's claim for Unjust Enrichment must fail as the rights of the parties are governed by a written consent and Florida Statutes.

47. Any payment made by Plaintiffs and was reduced, is barred from seeking said damages.

48. Defendants' conduct is not unlawful, illegal or any different from the clearly established "Standard of Care in the Community", as evidenced by thee number of claims asserted by State Farm in the jurisdiction of Florida's Middle and Southern District.

49. Plaintiffs' conduct will result in irreparable harm and would be a clear breach of insurance contract with its insureds to the extent a State Farm insured is injured and involved in litigation and has treatments at Defendants' clinics, by having them to allow a Jury to decide if the treatment was reasonable and necessary and should be denied/dismissed.

50. The Plaintiffs are not entitled to the relief sought in the Complaint based upon the doctrine of Equitable Estoppel.
51. Plaintiffs alleged damages as set forth in Plaintiffs' Complaint were sustained, in whole or in part, through the acts and omissions of Plaintiffs or through acts and omissions of 3rd Parties hired by Plaintiffs.
52. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Preemption.
53. All claims of Plaintiffs are barred by the Doctrine of Issue, for the reasons sated above regarding Res Judicata and/or Equitable Estoppel.
54. Plaintiffs have failed to describe its alleged injuries or alleged causes(s) thereof with sufficient particularity to enable each Defendant to determine what additional defenses they may have. Therefore, each Defendant reserves the right to assert additional defenses and amend this Answer as further information concerning the alleged injuries and the alleged cause thereof is provided.

## JURY DEMAND

These Defendants request a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on 25th day of April, 2022, the foregoing was electronically filed through the court's CMECF filing system.

**TOPKIN & PARTLOW, P.L.**
1166 West Newport Center Drive, Suite 309
Deerfield Beach, Florida 33442
(954) 422-8422 Telephone
(954) 422-5455 Facsimile
stopkin@topkinlaw.com
epopper@topkinlaw.com

By:   /s/ Sanford R. Topkin
_____
Sanford R. Topkin
FBN: 948070